991 F.2d 809
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jasper JOHNSON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5025.
 United States Court of Appeals, Federal Circuit.
 March 5, 1993.
Rehearing Denied April 1, 1993.
 
 Before RICH, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Jasper Johnson appeals from the judgment of the United States Claims Court[1] granting the government's motion for summary judgment on Johnson's claim for back pay and retirement benefits. Johnson v. United States, No. 92-224 C (Cl.Ct. September 17, 1992). Because the government was entitled to judgment on the record as a matter of law, we affirm.
 
 DISCUSSION
 
 2
 On December 17, 1987 and January 21, 1988, Johnson was tried by a special court-martial of the United States Army and was found guilty of several violations of the Uniform Code of Military Justice (UCMJ), including absence without leave, disobeying a lawful order, dishonorably failing to pay just debts, and assault and battery. Johnson was sentenced to a reduction in grade and given a bad conduct discharge, and the convening authority subsequently approved the findings and the sentence.
 
 
 3
 The record of Johnson's court-martial was reviewed by the United States Army Court of Military Review (ACMR). On November 3, 1988, the ACMR set aside the finding of guilt for dishonorably failing to pay just debts and affirmed the remaining findings of guilt and the sentence. Johnson petitioned for review of the ACMR decision to the United States Court of Military Appeals (CMA). That petition was granted, and on September 7, 1989, the CMA affirmed the ACMR's decision. On September 28, 1989, following the completion of appellate review provided under the UCMJ, Johnson was discharged from the Army with a bad conduct discharge.[2]
 
 
 4
 On September 6, 1991, Johnson filed suit against the Army in the United States District Court for the District of Columbia, seeking $80 million for procedural and substantive irregularities allegedly occurring during the January 1988 court-martial and the appellate review process. In response to the government's motion to dismiss for lack of subject matter jurisdiction, Johnson filed a motion to transfer his case to the United States Claims Court. The district court denied Johnson's motion and granted the government's motion to dismiss.
 
 
 5
 On March 30, 1992, Johnson filed suit in the Claims Court, seeking back pay and retirement benefits. Johnson alleged that his court-martial conviction and ensuing discharge from the Army was the result of a denial of a fair trial and due process of law. The government filed motions for summary judgment and dismissal for lack of jurisdiction. The Claims Court determined that Johnson failed to establish the occurrence of any significant constitutional violation and granted the government's motion for summary judgment.
 
 
 6
 We review the Claims Court's grant of summary judgment for correctness as a matter of law, deciding de novo whether the law was applied correctly, as well as whether genuine issues of material fact exist. See Confederated Tribes v. United States, 964 F.2d 1102, 1107 (Fed.Cir.1992).
 
 
 7
 In a suit in which a party seeks to collaterally attack a court-martial conviction under the Tucker Act, 28 U.S.C. § 1491 (1988), the Claims Court has a narrow scope of review. In such cases, the court may only review "those issues that address the fundamental fairness in military proceedings and the constitutional guarantees of due process." Matias v. United States, 923 F.2d 821, 826 (Fed.Cir.1990) (citation omitted). The burden is on the plaintiff to "demonstrate convincingly that in the court-martial proceedings there has been such a deprivation of fundamental fairness as to impair due process." Id. (citation omitted).
 
 
 8
 Johnson's principal argument on this appeal is that the Claims Court erred in granting summary judgment because it relied exclusively on the record of the court-martial in determining that Johnson had failed to support his allegations of significant constitutional deprivation. Johnson argues that he was improperly precluded from presenting evidence that would raise genuine issues of material fact. That the Claims Court confined itself to the court-martial record, however, does not constitute error, let alone reversible error. When collaterally reviewing a court-martial judgment, the Claims Court is not authorized to make additional findings of fact or review factual questions resolved by the court-martial. See Matias, 923 F.2d at 826. The Claims Court was restricted in this case to determining whether the military tribunal gave fair consideration to each of his claims, and the court did precisely that. We have carefully considered the other allegations and judge them to be without merit.
 
 
 9
 We conclude that the Claims Court properly determined that Johnson was afforded "full and fair consideration to each of [his] claims in proceedings that satisfied the requirements of due process of law." Id. Accordingly, the judgment of the Claims Court granting summary judgment in favor of the government is affirmed.
 
 
 
 [1]
 Pursuant to Title IX of the Federal Courts Administration Act of 1992, Pub.L. No. 102-572, 106 Stat. 4506, the United States Claims Court was renamed the United States Court of Federal Claims, effective October 29, 1992
 
 
 [2]
 Johnson twice petitioned for a new trial on the basis of newly discovered evidence. Those petitions were denied on June 19, 1990, and September 20, 1990